IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY<br>611 Pennsylvania Ave, S.E., No. 337<br>Washington, DC 20003<br><br>　　　　　　　　　　*Plaintiff*,<br><br>v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br>400 7th Street, S.W.<br>Washington, DC 20219<br><br>　　　　　　　　　　*Defendant.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

1.Plaintiff Campaign for Accountability ("CfA") brings this action against the Federal Housing Finance Agency ("FHFA") under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA and the swift release of the report written by FHFA Administrator Bill Pulte regarding Federal Reserve Chairman Jerome Powell.

## JURISDICTION AND VENUE

2.This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3.Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4.Because FHFA has failed to issue a determination on CfA's request for expedited processing within the applicable time-limit provisions of FOIA, CfA is entitled to judicial action

1

requiring Defendant to grant CfA's request for expedited processing and an order requiring Defendant to grant CfA's request for expedited processing.

5. Because Defendant has failed to comply with the applicable time-limit provisions of FOIA, CfA is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

6. Plaintiff CfA is a nonpartisan, non-profit section 501(c)(3) organization. CfA uses research, litigation, and communications to expose misconduct and malfeasance in public life and ensure accountability of public officials. CfA uses the material it gathers to inform the public about what the government and government officials are doing through reports, press releases, media interviews, and social media posts. CfA is incorporated under the laws of the District of Columbia.

7. Defendant FHFA is an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1), headquartered in Washington, DC. FHFA has possession, custody, and control of records CfA seeks.

## STATEMENT OF FACTS

8. On January 22, 2026, CfA submitted a FOIA request to FHFA seeking records with the potential to shed light on FHFA Administrator Pulte's efforts to assist President Trump in finding a way to remove Jerome Powell from his position as Chairman of the Federal Reserve of the United States.

9. FHFA Administrator Pulte had been advocating for a criminal inquiry into Mr. Powell for many months.[1] Although FHFA has no apparent jurisdiction or role in the renovation of the Federal Reserve's Washington, DC building, Mr. Pulte nevertheless prepared a report regarding Mr. Powell's role in those renovations and sent it to Jeanine Pirro, the U.S. Attorney for the District of Columbia.[2] On January 9, 2026, the U.S. Attorney's Office for the District of Columbia served the Federal Reserve with subpoenas focused on Mr. Powell's management of and statements to Congress regarding the renovation of the central bank's Washington, DC building.[3]

10. This matter has become the subject of intense media and congressional interest. At least one senator has said he will not consider any nominee to replace Mr. Powell at the Federal Reserve until this matter is resolved.[4]

11. The requested records are urgently needed to inform the public concerning actual or alleged government activity and concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity that affect public confidence. Accordingly, CfA requested expedited processing of this request. CfA's request included the certifications required by 5 U.S.C. § 552(a)(6)(E)(1) and FHFA regulations, 12 C.F.C. §1202.10.[5]

---

[1] Nancy Cook, Saleha Mohsin, and Joshua Green, Bill Pulte Seen as Key Instigator Behind Powell Subpoena, *Bloomberg*, Jan. 12, 2026, available at https://www.detroitnews.com/story/business/2026/01/12/bill-pulte-seen-as-key-instigator-behind-powell-subpoena/88141830007/.
[2] Editorial Board, Lawfare for Dummies, Monetary Edition: DOJ's Criminal Subpoena to Fed Chair Jerome Powell Is a Self-Defeating Fiasco, *Wall Street Journal*, Jan. 12, 2025, available at https://www.wsj.com/opinion/jerome-powell-subpoena-federal-reserve-department-of-justice-donald-trump-bill-pulte-jeanine-pirro-b6913599?mod=hp_opin_pos_1.
[3] Avery Lotz and Jason Lalijee, Meet Bill Pulte, Trump Attack Dog, *Axios*, Jan. 12, 2026, available at https://www.axios.com/2026/01/12/bill-pulte-housing-regulator-jerome-powell-doj.
[4] Garrett Downs, Fed Pick: Tillis Doubles Down on Warsh Blockade Over Concerns About Central Bank Independence, *CNBC*, Feb. 4, 2026, available at https://www.cnbc.com/2026/02/04/fed-warsh-tillis-confirmation.html.
[5] Campaign for Accountability, FOIA Request to FHFA FOIA Officer, filed Jan. 22, 2026 (attached as Exhibit A).

12. As also certified to in its request, and as further described in the Parties section above, CfA is primarily engaged in disseminating information to the public.

13. Plaintiff's expedited processing request explained how it met the statutory and regulatory standards. *See id.*

14. To date, the only response CfA has received from FHFA is an email dated January 23, 2026, acknowledging receipt of its request.

15. FHFA has not informed CfA of a determination concerning its request for expedited processing or the scope of the documents FHFA intends to produce and/or withhold and the reasons for any such withholdings. Neither has FHFA produced the requested records.

16. More than 20 working days have passed since CfA submitted its request, and FHFA has failed to comply with 5 U.S.C. § 552(a)(6)(A).

*Exhaustion of Administrative Remedies*

17. As of the date of this Complaint, Defendant has failed to notify CfA of a final determination regarding CfA's FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings. It also has failed to produce the requested records; or demonstrate that the requested records are lawfully exempt from production.

18. Through Defendant's failure to respond to CfA's FOIA request within the time period required by law, CfA has constructively exhausted its administrative remedies and seeks immediate judicial review.

19. Defendant failed to respond to CfA's request to expedite processing of its FOIA request within 10 calendar days, and CfA is not required to exhaust its administrative remedies with respect to its request to expedite processing.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Grant Expedited Processing

20. CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. CfA properly requested records within the possession, custody, and control of Defendant on an expedited basis.

22. Defendant failed to issue a determination on the request for expedited processing within the timeframe set by statute.

23. Defendant is an agency subject to FOIA and must process FOIA requests on an expedited basis pursuant to the requirements of FOIA and agency regulations.

24. The records CfA has requested are urgently needed to inform the public about government activities of extraordinary public importance.

25. The requested records concern a matter of widespread and exceptional media interest in which there exist possible questions about the government's integrity which affect public confidence.

26. Therefore, CfA's request justifies expedited processing under FOIA and FHFA regulations.

27. CfA is entitled to declaratory and injunctive relief requiring Defendant to grant expedited processing of CfA's FOIA request.

**COUNT II**
**Violation of FOIA, 5 U.S.C. § 552**
**Failure to Conduct Adequate Searches for Responsive Records**

28. CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

29. CfA properly requested records within the possession, custody, and control of Defendant.

30. Defendant has failed to promptly review agency records for the purpose of locating those records that are responsive to CfA's FOIA request.

31. Defendant's failure to conduct an adequate search for responsive records violates FOIA and applicable regulations.

32. Plaintiff CfA is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to CfA's FOIA request.

**COUNT III**
**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

33. CfA repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

34. CfA properly requested records within the possession, custody, and control of Defendant/s.

35. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials within no more than twenty (20) working days.

36. Defendant is wrongfully withholding non-exempt agency records requested by CfA by failing to produce non-exempt records responsive to its FOIA request.

37. Defendant's failure to provide all non-exempt responsive records violates FOIA and applicable regulations.

38. Plaintiff CfA is therefore entitled to declaratory and injunctive relief requiring Defendant to promptly produce all non-exempt records responsive to its FOIA request and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, CfA respectfully requests the Court to:

(1) Order Defendant/s to process CfA's request on an expedited basis;

(2) Order Defendant to conduct a search reasonably calculated to uncover all records responsive to CfA's FOIA request submitted to FHFA on January 22, 2026;

(3) Order Defendant to produce, within twenty days of the Court's order, any and all non-exempt records responsive to CfA's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption;

(4) Enjoin Defendant from continuing to withhold any and all non-exempt records responsive to CfA's FOIA request;

(5) Award CfA the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(6) Grant CfA such other relief as the Court deems just and proper.

Dated: February 20, 2026

Respectfully submitted,

*/s/*
Melanie Sloan
D.C. Bar No. 434585
Campaign for Accountability
611 7th Street, S.E., No. 337
Washington, DC 20003
(202) 365-0606
msloan@campaignforaccountability.org
*Counsel for Plaintiff*

8