UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMPAIGN FOR ACCOUNTABILITY, **)**<br>**)**<br>Plaintiff, **)**<br>**)**<br>v. **)**<br>**)**<br>FEDERAL HOUSING FINANCE AGENCY, **)**<br>**)**<br>Defendant. **)**<br>**)**<br>**)**<br>**)** | Civil Action No. 26-cv-00574-CKK |

## ANSWER TO COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Defendant Federal Housing Finance Agency ("Defendant"), by and through undersigned counsel, hereby responds to Plaintiff's Complaint (ECF No. 1). Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

## COMPLAINT[1]

1.      The allegations in Paragraph 1 consists of Plaintiff's characterization of this action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*., to which

---

[1]      For ease of reference, Defendant refers to Plaintiff's headings and titles, but to the extent those headings could be construed to contain factual allegations, those allegations are denied.

no response is required.  To the extent a response is required, Defendant admits that Plaintiff brings this action under the FOIA, and otherwise denies the allegations contained in this paragraph.

## JURISDICTION AND VENUE

2. The allegations in Paragraph 2 consist of conclusions of law regarding jurisdiction, to which no response is required.  To the extent a response is deemed required, Defendant admits that the Court has jurisdiction over this matter subject to the terms and limitations of FOIA.

3. The allegations in Paragraph 3 consist of conclusions of law regarding venue, to which no response is required.  To the extent a response is deemed required, Defendant admits that venue is proper in this judicial district for a properly stated FOIA claim.

4. The allegations in Paragraph 4 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

5. The allegations in Paragraph 5 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant admits that it did not issue a final determination within 20 business days of receiving Plaintiff's FOIA request and otherwise denies the allegations.

## PARTIES

6. The allegations in Paragraph 6 consist of Plaintiff's characterization of itself. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

7. Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f). The remaining allegations in Paragraph 7 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

**STATEMENT OF FACTS**

8.      The allegations in Paragraph 8 consist of Plaintiff's characterization of its FOIA request, located at Exhibit A, which speaks for itself.  Defendant respectfully refers the Court to Exhibit A as the best evidence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

9.      To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

10.     To the extent the allegations seek to provide background facts in support of allegations of public interest, Defendant admits there may be some public interest in the records sought but presently lacks knowledge or information sufficient to form a belief as to the existence or extent of any public interest, including as compared to any countervailing interests.   To the extent the allegations in this paragraph are alleged for other purposes, they do not set forth claims of relief or aver facts in support of a claim, and thus, the Court should strike them as immaterial and impertinent matters pursuant to Rule 12(f).

11.     The allegations in Paragraph 11 consist of Plaintiff's characterization of Exhibit A, which speaks for itself.  Defendant respectfully refers the Court to Exhibit A as the best evidence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

12.     The allegations in Paragraph 12 are Plaintiff's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to their truth.

13.     The allegations in Paragraph 13 consist of Plaintiff's characterization of Exhibit A, which speaks for itself.  Defendant respectfully refers the Court to Exhibit A as the best evidence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

14.     Regarding the allegations in Paragraph 14, Defendant admits that at the time Plaintiff's Complaint was filed, the only response received by Plaintiff from Defendant was an email dated January 26, 2026, acknowledging receipt of Plaintiff's FOIA request.

15.     In response to the allegations in Paragraph 15, Defendant admits that, as of the filing of the Complaint, Defendant had not informed Plaintiff of a determination regarding its request for expedited processing or the existence of  any responsive document.. Defendant avers that it has been processing Plaintiff's FOIA Request in accordance with the agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

16.     In response to the allegations in Paragraph 16, Defendant admits that more than 20 working days had passed between the submission of Plaintiff's FOIA request and the filing of Plaintiff's complaint.  The remaining allegations in Paragraph 16 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

17.     Regarding the first sentence in Paragraph 17, Defendant admits that as of the date the Complaint was filed, Defendant had not made any determination in response to Plaintiff's FOIA Request  To the extent that a response is required, Defendant denies the allegations.

18.     The allegations in Paragraph 18 consist of conclusions of law to which no response

is required.  To the extent that a response is required, Defendant admits that it did not issue a final determination within 20 business days of receiving Plaintiff's FOIA request and otherwise denies the allegations.

19.    The allegations in Paragraph 19 consist of conclusions of law to which no response is required.

## COUNT I

**Violation of FOIA, 5 U.S.C. § 552**
**Wrongful Withholding of Non-Exempt Responsive Records**

20.    Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

21.    The allegations in Paragraph 21 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

22.    The allegations in Paragraph 22 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

23.    Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f). The remaining allegations in Paragraph 23 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

24.    The allegations in Paragraph 24 consist of Plaintiff's characterization of Plaintiff's FOIA request, which speaks for itself.  Defendant respectfully refers the Court to Exhibit A as the best evidence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.

25.    The allegations in Paragraph 25 consist of Plaintiff's characterization of Plaintiff's FOIA request, which speaks for itself.  Defendant respectfully refers the Court to Exhibit A as the

best evidence for a true and accurate statement of its contents and denies any allegations inconsistent therewith.  .

26.     The allegations in Paragraph 26 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

27.     The allegations in Paragraph 27 consist of a request for relief to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

## COUNT II

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

28.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

29.     The allegations in Paragraph 29 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

30.     The allegations in Paragraph 30 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

31.     The allegations in Paragraph 31 consist of conclusions of law to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

32.     The allegations in Paragraph 32 consist of a request for relief to which no response is required.  To the extent that a response is required, Defendant denies the allegations.

## COUNT III

### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

33.     Defendant repeats and incorporates by reference each of the foregoing paragraphs as if fully set forth herein.

34. The allegations in Paragraph 34 consist of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

35. Defendant admits that it is an "agency" within the meaning of 5 U.S.C. § 552(f). The remaining allegations in Paragraph 35 consist of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

36. The allegations in Paragraph 36 consist of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

37. The allegations in Paragraph 37 consist of conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations.

38. The allegations in Paragraph 38 consist of a request for relief to which no response is required. To the extent that a response is required, Defendant denies the allegations.

**REQUESTED RELIEF**

The allegations in this section consist of Plaintiff's request for relief to which no response is required. Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

**AFFIRMATIVE AND OTHER DEFENSES**

Any allegations not specifically admitted, denied, or otherwise responded to are hereby denied. In further response to the Complaint, Defendant raises the following defenses. Defendant respectfully reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## First Defense

The Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.

## Second Defense

Plaintiff is not entitled to compel the production of records that are exempt from disclosure under FOIA or under other provisions of law, and Plaintiff is not entitled to compel the production of records that are not subject to FOIA.

## Third Defense

The information that Defendant  may withhold, to the extent such information even exists, in response to Plaintiff's FOIA request may be exempt in whole, or in part, from public disclosure under the FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a.

## Fourth Defense

At all times alleged in the Complaint, Defendant acted in good faith, with justification, and pursuant to authority.

## Fifth Defense

Defendant has exercised due diligence in processing Plaintiff's FOIA request and additional time is necessary for Defendant to continue its processing of Plaintiff's FOIA request.

## Sixth Defense

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

## Seventh Defense

Plaintiff is neither eligible for nor entitled to attorney's fees and costs in this action.

## Eighth Defense

To the extent the Complaint alleges background facts unnecessary to the consideration of Defendant's response to the FOIA request at issue, the Complaint violates Rule 8(a)(2) by alleging

information that is unnecessary to a "short and plain" statement of the claim.  The Court should strike all such immaterial and impertinent matters pursuant to Rule 12(f).

Dated:  April 6, 2026
          Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By:          /s/ *Sian Jones*
      SIAN JONES, D.C. Bar # 1024062
      Assistant United States Attorney
      601 D Street, NW
      Washington, DC 20530
      Phone: (202) 252-2578

*Attorneys for the United States of America*